UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRUCE FAULKNER

VERSUS

ICF INTERNATIONAL, D/B/A
ICF INCORPORATED, LLC OF
LOUISIANA

CIVIL ACTION

NUMBER 07-932-RET-SCR

**RULING ON MOTION TO QUASH DEPOSITIONS AND FOR PROTECTIVE ORDER**

Before the court is the defendant's Motion to Quash Deposition Notices and Subpoena and for Protective Order. Record document number 15. The motion is opposed.[1]

Defendant does not dispute that the plaintiff properly noticed the depositions of Daniel Holland for October 7 and Vanessa Brower for October 8, as require by Rule 30(b), Fed.R.Civ.P. The notices were served at least by September 16. This constitutes the "reasonable written notice" required by Rule 30(b). Defendant does not argue that either witness is unavailable on the dates of their respective depositions.

Defendant's central argument is that the defendant should be allowed to depose the plaintiff before the plaintiff is allowed to depose the defendant's employees, including Holland and Brower. Plaintiff's deposition has been noticed for November 3.[2] While the

---

[1] Record document number 18. Defendant's motion for leave to file a reply was denied. Record document number 20.

[2] Whether the plaintiff's deposition must be taken as noticed is an issue not before the court in this motion.

defendant's request is not uncommon, the Federal Rules of Civil Procedure do not impose such a restriction.  Defendant's invocation of Rule 26(d)(2), Fed.R.Civ.P., is unavailing.  Defendant invokes the rule for the purpose of either gaining a perceived tactical advantage or denying the plaintiff a perceived tactical advantage, but not "for the parties' and witnesses' convenience and in the interest of justice."  Since the defendant's desire to depose the plaintiff first is not for the convenience of either the parties or the witnesses, Rule 26(d)(2)(B) controls – "discovery by one party does not require any other party to delay its discovery."  Unless the plaintiff consents to postpone the depositions of Holland and Brower, their depositions shall be taken as noticed on October 7 and 8, respectively.

Insofar as the defendant also sought a protective order, for he the same reasons stated above the defendant has not shown good cause required by Rule 26(c).

The way to avoid the consequences of similar "unilateral actions"[3] in the future is for counsel to actually speak with each other to resolve these kinds of problems rather than exchanging correspondence and emails, or having their paralegals do that for them.  If counsel are so busy that they could not find a few minutes during the past several months to talk to each other, they need consider whether it would be in their client's interest to

---

[3] Record document number 15, supporting memorandum, p. 7.

obtain additional or other counsel.

Accordingly, the Motion to Quash Deposition Notices and Subpoena and for Protective Order filed by the defendant is denied.

Baton Rouge, Louisiana, October 3, 2008.

　　　　　　　　　　　　　　　　/s/ Stephen C. Riedlinger
　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE